Filed 12/10/20  P. v. Bayles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CASEY MARVIN BAYLES,<br><br>Defendant and Appellant. | C089865<br><br>(Super. Ct. No. 18NCR13368) |

Following a jury trial, defendant Casey Marvin Bayles was found guilty of being a felon in possession of a firearm and being a felon in possession of ammunition.  The jury also found true an allegation that he served a prior prison term.  On appeal, he contends the prior prison term enhancement must be vacated based on the retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136).  We will direct the trial court to strike defendant's prior prison term enhancement.  We will otherwise affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Due to the limited nature of the claim on appeal, we need not recite the offenses in any detail. It suffices to say that during the execution of a search warrant at defendant's residence, police officers found a .22-caliber rifle as well as ammunition of various calibers in his bedroom dresser. He was charged with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count I),[1] being a felon in possession of ammunition (§ 30305, subd. (a)(1); count II), and cultivation of more than six living marijuana plants (Health & Saf. Code, § 11358, subd. (c); count III). The information also alleged defendant served a prior prison term within the meaning of section 667.5, subdivision (b).

Following a trial, the jury found defendant guilty of the possession of a firearm and ammunition charges (counts I & II) but not guilty of the cultivation of more than six living marijuana plants charge (count III). The jury also found true the prior prison term enhancement allegation.

The court imposed an aggregate sentence of three years eight months in state prison, as follows: the middle term of two years for possession of a firearm conviction (count I), a consecutive eight months (one-third the middle term) for the possession of ammunition conviction (count II), and a consecutive one year for the prior prison term enhancement.

## DISCUSSION

Defendant claims his prior prison term enhancement must be vacated based on the retroactive application of Senate Bill 136. The People agree.

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1).

---

[1] Further undesignated references are to the Penal Code.

Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. The amended provision states in pertinent part: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

We agree with the parties that the amendment to Senate Bill 136 should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting "the role of the court is to determine the intent of the Legislature"].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' [Citations.]" (*Lara*, at p. 308.) "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. [Citation.]" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

3

Here, Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many individuals, including defendant who served a prior prison sentence for possession of an explosive in violation of section 30210, subdivision (b). There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final. Under these circumstances, we conclude *Estrada*'s inference of retroactive application applies. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to section 12022.6, subds. (a) and (b) enhancements].) Accordingly, we will direct the trial court to strike defendant's prior prison term enhancement and "remand the matter for resentencing to allow the court to exercise its sentencing discretion in light of the changed circumstances." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

## DISPOSITION

The trial court is directed to strike defendant's section 667.5, subdivision (b) prior prison term enhancement. In all other respects, the judgment is affirmed. The matter is remanded for resentencing not inconsistent with this opinion.

     /s/
RAYE, P. J.

We concur:

     /s/
HULL, J.

     /s/
MAURO, J.

4